UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Darlene Heimerl and Susan Hierl, <br><br> Plaintiffs, <br> v. <br><br> Valentine & Kebartas, Inc. <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and pendent state law claims arising out of the conversion of Plaintiff Darlene Heimerl's money and the invasion of both Plaintiffs' privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and pendent jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff Darlene Heimerl (hereinafter "Plaintiff Heimerl") is a natural person who resides in the City of Plymouth, County of Hennepin, State of

1

Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Susan Hierl (hereinafter "Plaintiff Hierl") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Valentine & Kebartas, Inc. (hereinafter "Defendant V&K") is a Massachusetts corporation, not licensed in the state of Minnesota, engaged in the business of collecting debts from Minnesota residents, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. In or about July 2005 Plaintiff Hierl individually opened and used a personal credit card account 4147-XXXX-XXXX-6825 with Chase Bank USA, N.A., which is a consumer debt as that term is defined at 15 U.S.C. § 1692a(5).

7. At some point in 2007, Plaintiff allegedly began to fall behind on making regular payments to Chase on the 6825 account.

8. Sometime prior to May 2008, Chase sold, assigned, or transferred the debt to Defendant V&K for collection.

9. At all times Defendant V&K knew or should have known that only Plaintiff Hierl was liable on the Chase 6825 account.

10. On or about May 6, 2008 Defendant sent Plaintiff Hierl a collection letter requesting full payment of the alleged debt in the amount of $13,629.86.

2

11. On or about May 6, 2008 Defendant also started to place collection calls to Plaintiff Hierl in order to collect the alleged debt.

12. On or about June 23, 2008 Defendant's agent "Joy" telephoned Plaintiff Hierl's friend, Plaintiff Heimerl, at her place of employment in regards to the alleged debt owed by Plaintiff Hierl, in violation of 15 U.S.C. § 1692c(b).

13. Plaintiff Heimerl never used the Chase account.

14. Regardless, Defendant's agent harassed Plaintiff Heimerl over the telephone and made several abusive and deceptive statements, including:

- the false accusation that Plaintiff Heimerl had used the Chase credit card despite her insistence that she had never, in violation of 15 U.S.C. §§ 1692d and 1692e;

- that Defendant "knew" Plaintiff Hierl was her "mother" and that they lived together, in violation of 15 U.S.C. §§ 1692d and 1692e;

- the disclosure that Plaintiff Hierl owed a debt in violation of 15 U.S.C. §§ 1692b and 1692c;

- that Plaintiff Heimerl had committed fraud, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(7), and 1692e(10);

- that Plaintiff Heimerl's only option for relief was to immediately pay off the alleged debt, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), and 1692e(10); and

3

- that Plaintiff Heimerl was responsible for the alleged debt and that the only way to protect her credit was to immediately pay Defendant, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10).

15. Defendant's harassing statements and threats made to Plaintiff Heimerl about destruction of her credit rating if there was not immediate payment caused her to become emotionally and physically upset at her place of employment.

16. Plaintiff Heimerl, so upset and worried by Defendant's harassing statements and threats, felt she had no choice and succumbed to Defendant's demands by making a payment of $7,496.42 using her own personal credit card, even though Plaintiff Heimerl was not obligated by law or contract to pay anything towards the debt she did not owe.

17. Furthermore, the illegal credit reporting by Chase of the 6825 account caused Plaintiff Heimerl credit denials and adverse impact to her otherwise outstanding credit score and profile.

18. Upon information and belief, Chase was reporting the account 6825 as belonging to Plaintiff Heimerl despite the fact that she had not agreed or authorized her name to be associated with the account.

19. That Heimerl at no time executed any Chase credit agreements related to the 6825 account.

20. Defendant's illegal collection campaign violated multiple provisions of the FDCPA, including but not limited to, §§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8), 1692e(10) and 1692f, and caused Plaintiffs' out-of-pocket damages and emotional distress.

## TRIAL BY JURY

21. Plaintiffs are entitled to and hereby demand a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

22. Plaintiffs incorporate by reference all foregoing paragraphs as though fully stated herein.

23. The foregoing deliberate acts by Defendant constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(2)(A), 1692e(5), 1692e(7), 1692e(8), 1692e(10)and 1692f.

24. In violating the aforementioned provisions of the FDCPA, Plaintiffs have suffered emotional distress and out-of-pocket loss constituting actual and physical damages pursuant to 15 U.S.C. § 1692k(a)(1).

25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs for their actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT II.

## CONVERSION

26. Plaintiffs incorporate by reference all foregoing paragraphs as though fully stated herein.

27. Defendant wrongfully assumed control and dominion over Plaintiff Heimerl's property in a manner inconsistent with and in repudiation of her ownership rights when it threatened Plaintiff Heimerl and fraudulently induced her to pay money she did not owe, and permanently deprived Plaintiff of the possession and use of $7,496.42.

28. As a result of Defendant's conversion, Plaintiff suffered the loss of money in the amount of $7,496.42 and other out-of-pocket expenses in an amount to be determined at trial.

## COUNT III.

## INVASION OF PRIVACY

29. Plaintiffs incorporate by reference paragraphs 1 through 25 as though fully stated herein.

30. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiffs when its agent disclosed the existence of an alleged debt to Plaintiff Hierl's

6

friend, Plaintiff Heimerl, harassed Plaintiff Heimerl at her place of employment, and induced Plaintiff Heimerl to pay a debt she did not owe.

31. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and/or private concerns or affairs.

32. The intrusions by Defendant occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiffs' positions.

33. As a result of Defendants' conduct, Plaintiffs suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment as follows:

- an award of statutory damages in favor of each Plaintiff in the amount of $1,000.00 against Defendant V&K pursuant to 15 U.S.C. §1692k;
- an award against Defendant for actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;
- an award for actual damages for Defendant's conversion of Plaintiff Heimerl's property;
- an award for actual and compensatory damages for invasion of privacy against Defendant in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated this 7th day of October, 2008.

By: s/Thomas J. Lyons Jr._____

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
Trista M. Roy, Esq.

7

8

                              Attorney I.D. #0387737
                              367 Commerce Court
                              Vadnais Heights, MN 55127
                              Telephone:  (651) 770-9707
                              Facsimile:  (651) 704-0907
                              tommycjc@aol.com

                              *Attorneys for Plaintiffs*

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
) ss
COUNTY OF <u>HENNEPIN</u>_____ )

DARLENE HEIMERL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Darlene Heimerl_____<br>Darlene Heimerl

Subscribed and sworn to before me
this 1st day of October, 2008.


s/Connie A. Jensen_____
Notary Public

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF <u>HENNEPIN_____</u>   )

SUSAN HIERL, having first been duly sworn and upon oath, deposes and says as follows:

6. I am a Plaintiff in this civil proceeding.
7. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
8. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
9. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
10. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                      s/Susan M. Hierl_____
                                                      Susan Hierl

Subscribed and sworn to before me
this <u>1st</u> day of October, 2008.


s/Connie A. Jensen_____
Notary Public